**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Christian Jeremiah Castro,

Defendant.

---

Case No. 26-cr-00152 (DWF/ECW)

**CASE MANAGEMENT ORDER**

A grand jury of this District returned an Indictment in this case, which was docketed on September 2, 2026. (Dkt. 1.) Defendant Christian Jeremiah Castro was arraigned before Magistrate Judge Elizabeth Cowan Wright on September 18, 2026. (Dkt. 18.) Defendant was present in court with his attorney, Daniel Gerdts. The United States of America ("the Government") was represented by LeeAnn Bell, Assistant United States Attorney.

Defendant identified himself by name and age; waived the reading of the indictment; and entered a plea of not guilty.

The parties filed a Motion to Designate Case as Complex Under the Speedy Trial Act that contained proposed deadlines for disclosures and motions. (Dkt. 25 ¶ 4.) Based on the parties' proposal, and in the interests of judicial economy and speedy trial considerations, the Court addresses certain matters in this Order which frequently arise through non-dispositive motion practice without the need to have the parties file motions on those matters. Defendant or the Government may object to these requirements by

filing a Motion to Modify this Order on or before **January 4, 2027**, to be heard by the undersigned.

**<u>MOTION AND NOTICE DEADLINES</u>**

Pursuant to Local Rule 12.1, **IT IS ORDERED** that:

1. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 4, 2027**.

2. All responses to motions must be filed by **January 19, 2027**.

3. Any Notice of Intent to Call Witnesses must be filed by **January 19, 2027**.

4. Any Responsive Notice of Intent to Call Witnesses must be filed by **January 22, 2027**.

5. All exhibit lists and proposed exhibits must be disclosed and filed with the Court on or before **February 16, 2027**.

6. **If there is no need for a motions hearing, either because no motions were filed, or for any other reason, both counsel must electronically file a letter saying so on or before January 4, 2027, or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after January 4, 2027.**

7. If required, the motions hearing shall be heard before Magistrate Judge Elizabeth Cowan Wright on **February 18, 2027**, at **9:00 a.m.**, in **Courtroom 3C**, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

**<u>NON-DISPOSITIVE MOTIONS</u>**

8. The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **November 2, 2026**. To avoid the need for a recess of the motions hearing, the Government is requested to make, by **January 22, 2027**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

9. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **December 2, 2026**.

10. On or before **December 7, 2026**, counsel for Defendant and counsel for the Government must meet for a discovery conference in person or by telephonic or similar means. All motions asking the Court to take any action concerning a non-dispositive issue must be filed on or before **January 4, 2027**.

11. A motion is not required in order for the defense in a criminal case to be required to give the United States advance notice of the affirmative defenses of Alibi (Rule 12.1), Insanity/Mental Illness (Rule 12.2) and Public Authority (Rule 12.3). Upon request by the United States, Defendant shall provide such notices within fourteen days of the request.

12. Within ten days of the date of this Order, the Government must disclose all *Brady*/*Giglio*[1] information in its possession or of which it has become aware as of the date of this Order, if not previously disclosed, and must promptly supplement its

1 *See Giglio v. United States*, 405 U.S. 150 (1972).

disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

13. The Government is ordered to preserve the rough notes of the law enforcement officers who participated in the investigation of this case. Disclosure of rough notes, however, is not required by this Order.

14. The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing. The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). However, to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements at least one week before any hearing or trial. This paragraph does not alter the Government's obligations with respect to material required to be disclosed by *Brady*, *supra*, and its progeny.

15. The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge.

16. No later than 21 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048

(8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense. However, if the Government believes that evidence at issue might be "intrinsic" to the charged offenses, but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

17. Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 869 F.2d 372 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available no later than 10 days ahead of any trial in this matter.

18. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

19. Each party has a continuing duty to disclose to opposing counsel all newly discovered information or other material within the scope of this Order.

**DISPOSITIVE MOTIONS**

20. All dispositive motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 4, 2027**. All motions must be accompanied by a meet and confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. The meet and confer process must be conducted either in person or by telephonic or similar means. The meet and confer statement filed with the Court must state the date, time, manner (in person or telephonic), and outcome of the meet and confer process.

If Defendant files a motion to suppress, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822-23 (D. Minn. 1999) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000). To the extent necessary, a Defendant "asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (quotations omitted). Conclusory statements made based upon evidence to be adduced at the motions hearing are not sufficient to provide the Court and opposing counsel notice of the issues. Any motion to suppress not meeting these standards may, in the Magistrate Judge's discretion,

be recommended for dismissal for lack of specificity, or may be returned to the filing attorney with a direction to cure, within a specified time, particular shortcomings identified by the Magistrate Judge.

21. **TRIAL:**

Parties will receive the remaining dates related to trial by separate Order.

20. **SPEEDY TRIAL ACT:**

The Court set the motion filing deadline as January 4, 2027 based on the agreement of the parties in a proposed scheduling order emailed to chambers. Pursuant to 18 U.S.C. 3161(h)(7), the Court finds that the ends of justice served by setting a motion filing deadline of January 4, 2027, that is, to permit defense counsel and Defendant sufficient time to evaluate discovery, investigate the case, and determine if there are motions to be filed, and to permit the parties to meet and confer regarding potential motions and other disputes, outweigh the best interests of the public and Defendant in a speedy trial, and consequently excludes the time between the arraignment on September 18, 2026, and the motion filing deadline of January 4, 2027, for purposes of computation under the Speedy Trial Act.

Dated: October 8, 2026

*/s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge